# EXHIBIT 1



June 8, 2023

VIA EMAIL / FIRST-CLASS MAIL

Nathan A. Tilden
Andrew H. DeNinno
Brad A. Compston
KING, TILDEN, McETTRICK
38777 6 Mile Rd Ste 314
Livonia, MI 48152-2660
ntilden@ktmpc.com
adeninno@ktmpc.com
bcompston@ktmpc.com

   ***Re:***   ***Allstate Insurance Company, et al v. Lint Chiropractic, P.C., et al***
      ***E. D. Mich. Case No. 4:23-cv-10904-FKB-DRG***

Dear Counsel:

  Pursuant to Fed. R. Civ. P. 11, please find enclosed Defendants Lint Chiropractic P.C., MI Medical Management, LLC, Supplies Plus MI, LLC, Diagnostic Chiropractic, P.C., and Robert Super, D.C.'s Motion for Rule 11 Sanctions.

            Very truly yours,

            **FINK BRESSACK**

            /s/ David H. Fink

            David H. Fink

Encl.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>LINT CHIROPRACTIC P.C.; MI MEDICAL MANAGEMENT, LLC; DURAMED MI, LLC, SUPPLIES PLUS MI, LLC; DIAGNOSTIC CHIROPRACTIC MI, P.C.; EXCEL MEDICAL GROUP, PLC; AS MEDICAL GROUP, PLC; and ROBERT SUPER, D.C.<br><br>Defendants. | Case No. 4:23-cv-10904-FKB-DRG<br><br>Hon. F. Kay Behm<br>Mag. Judge David R. Grand |

**MOTION FOR RULE 11 SANCTIONS**

Defendants Lint Chiropractic P.C., MI Medical Management, LLC, Supplies Plus MI, LLC, Diagnostic Chiropractic, P.C., and Robert Super, D.C. (collectively the "Movants") by and through counsel, Fink Bressack, respectfully move for sanctions against Plaintiffs and their counsel (King, Tilden, McEttrick ("KTM")) pursuant to Fed. R. Civ. P. 11.

1

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter denied concurrence.[1]

1. For the reasons set forth below, Plaintiffs should dismiss their Complaint against Movants with prejudice, and pay Movants' attorney fees and costs. The refusal by Plaintiffs and their counsel to withdraw their Complaint warrants the strictest sanctions, and Movants intend to seek those sanctions upon the ultimate dismissal of this case.

2. This lawsuit is nothing more than Plaintiffs' and KTM's latest attempt to bully No-Fault providers with the threat of RICO treble damages, in order to avoid paying legitimate claims.

3. Incredibly, Plaintiffs have not paid a single penny to Movants for any of their claims. Nevertheless, Plaintiffs bring this frivolous lawsuit to try to force Movants to release almost $5,000,000 in legitimate claims for services provided to individuals injured in motor vehicle accidents.

4. Plaintiffs falsely claim that payments were made by Allstate related to the billings described in the Complaint, demanding restitution and treble damages

---

[1] This paragraph is included in our proposed motion in anticipation that Plaintiffs will not concur. If Plaintiffs do concur in whole or in part, we will modify accordingly.

for payments that were never made, and Allstate has actual knowledge that those payments were never made.

5. In an effort to exacerbate the harm caused by their false allegations, Plaintiffs tailor their false allegations to create the threat of liability for mail and wire fraud.

6. In their attempt to create phony claims of mail and wire fraud, Plaintiffs double down on their false allegations that payments were made by alleging "actual payment of fraudulent bills via checks mailed by Allstate" and "every payment…was tendered via a check mailed by Allstate using the U.S. Mail." Each of those allegations is patently false, and Allstate has actual knowledge that those allegations are false.

7. Plaintiffs falsely claim that Lint and Super owned and controlled the Nervomatrix machines that Excel used.

8. Plaintiffs falsely claim that Lint and Super controlled the Nervomatrix machine that AS Medical used.

9. Plaintiffs falsely claim that Movants rented Nervomatrix machines to other providers.

10. Plaintiffs falsely claim that Movants purchased accounts receivable for TPII and LINT services from other providers.

11. Plaintiffs falsely claim that "[a]t all relevant times" each of the other Defendants (Duramed MI, LLC, Excel Medical Group, PLC, and AS Medical Group, PLC) "was operated and conducted by" Lint and Dr. Super or Lint, Diagnostic Chiropractic, and Dr. Super.

12. Movants do not "operate[] and conduct[]" the other Defendants. Movants are prepared to provide affidavits to confirm this.

13. Plaintiffs allege that Movants "w[ere] operated and conducted" by "Duramed…Excel, [and] AS Medical." Again, this is objectively false, and Plaintiffs can point to no evidence in support of this baseless allegation.

14. The fundamental basis of Plaintiffs' claims against Movants is a false allegation that there is a conspiracy involving Movants and the other Defendants. Movants have no ownership interest in the other Defendants; Movants have had no control of or management involvement in the other Defendants; and Movants have no interest in the profits, losses, or revenues of the other Defendants. There is absolutely no factual basis for Plaintiffs' claims regarding an alleged conspiracy involving Movants and the other Defendants.

15. Plaintiffs and KTM allege, without any basis in fact, that Movants' charges are "patently unreasonable."

16. Notwithstanding all of the false allegations in the Complaint, Plaintiffs fail to present any non-frivolous arguments or facts to support their extraordinary claims.

17. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants were involved in a RICO conspiracy.

18. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants violated 18 U.S.C. § 1962(c).

19. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants violated 18 U.S.C. § 1962(d).

20. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants engaged in common law fraud.

21. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants could be liable for payment under mistake of fact.

22. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants could be liable for unjust enrichment.

23. Plaintiffs have not presented any non-frivolous arguments or facts to show that Movants could be liable for "excessive and unreasonable charges."

24. Nevertheless, consistent with Plaintiffs' and KTM's pattern and practice, in an effort to force Movants to settle on terms favorable to Plaintiffs, Plaintiffs filed this frivolous lawsuit.

25. If Plaintiffs believed that the claims submitted by Claimants were for services which were not necessary or that the charges for those services were not reasonable, Michigan's No Fault Act, M.C.L. 500.3101 *et seq*, provides a full range of defenses and protections to the Plaintiffs. Instead, Allstate chooses to create a false panoply of claims to escape the State courts that are intended to enforce the Michigan No Fault Act and brings its fabricated claims to federal court.

26. Unfortunately, this behavior by Plaintiffs and KTM is not surprising; rather, it is par for the course. In a recent RICO suit filed by Plaintiffs and KTM (then known as Smith & Brink), in which undersigned counsel represented a pharmacy targeted by Plaintiffs and KTM, Magistrate Judge Elizabeth Stafford disqualified KTM from representing Plaintiffs after KTM attorneys "engaged in unethical conduct" and one KTM attorney "lied under oath." *Allstate Insurance Co., et al v. ZMC Pharmacy, LLC, et al*, Case No. 2:19-cv-13721-LVP-EAS, ECF No. 134, PageID.4884. KTM attorneys had substantive communications with a represented party outside the presence of his counsel, in an attempt to bully the represented party into settling the lawsuit on terms favorable to Plaintiffs. *Id.* KTM told the party that if he would just bill less, he would stay off Plaintiffs' radar. *Id.* at PageID.4888. The instant lawsuit is a cynical continuation of Plaintiffs' and KTM's modus operandi: detonate the litigation equivalent of a thermonuclear device in the

6

form of a RICO lawsuit, simply because Plaintiffs and KTM believe Movants charge too much for their services.

27. Sanctions should be imposed under Fed. R. Civ. P. 11(b)(1) against Plaintiffs and KTM because the claims against Movants are entirely without merit and have been interposed for improper purposes, including as a tactic to gain a business advantage and as a tactic to improperly obtain business concessions from Movants.

28. Sanctions pursuant to Rule 11(b)(2) should be imposed against counsel for Plaintiffs because the claims and legal contentions against Movants are frivolous and are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

29. Sanctions pursuant to Rule 11(b)(3) should be imposed because the factual contentions as to Movants do not have evidentiary support and will not likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## Relief Requested

WHEREFORE, for the reasons specified in this Motion and Brief in Support, the Movants respectfully request that this Court enter an order:

a) Imposing monetary sanctions against Plaintiffs and their counsel in an amount sufficient to deter future misconduct;

b) Requiring Plaintiffs and their counsel to pay all costs and attorney fees incurred by Movants in relation to this matter; and,

c) Granting any other relief for Movants that the Court deems just or equitable.

Dated:  June 8, 2023

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
*Attorneys for Defendants Lint Chiropractic, P.C., Robert Super, D.C., MI Medical Management, LLC, Diagnostic Chiropractic MI, P.C., and Supplies Plus MI, LLC*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com