UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; and
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

LINT CHIROPRACTIC PC; MI MEDICAL
MANAGEMENT, LLC; SUPPLIES PLUS
MI, LLC; DIAGNOSTIC CHIROPRACTIC
MI, P.C.; AS MEDICAL GROUP, PLC; and
ROBERT SUPER, D.C.,

Defendants.

C.A. No. 23-cv-10904-SKD-DRG

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES AND FOR COSTS AND SANCTIONS AGAINST DEFENDANTS LINT CHIROPRACTIC PC; MI MEDICAL MANAGEMENT, LLC; SUPPLIES PLUS MI, LLC; DIAGNOSTIC CHIROPRACTIC MI, P.C.; AND ROBERT SUPER, D.C.**

# **TABLE OF CONTENTS**

Table of Contents ............................................................................................................i

Table of Authorities ..................................................................................................... ii

Reply Brief in Support of Motion to Compel ............................................................1

    I.    Changing Claims About the Existence of Documents ...............................1

    II.    Documents Not Produced ..........................................................................3

    III.    Allstate Is Entitled to Information and Documents Responsive to All "Disputed Requests" ................................................................................4

    IV.    Conclusion .................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

Flagg v. City of Detroit,
252 F.R.D. 346 (E.D. Mich. 2008) ........................................................................2

Gray v. Faulkner,
148 F.R.D. 220 (N.D. Ind. 1992). .........................................................................2

State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.,
2019 U.S. Dist. LEXIS 110767 (E.D. Mich. July 2, 2019) ........................................6

State Farm Mut. Auto. Ins. Co. v. Elite Health Ctr.,
364 F. Supp. 3d 758 (E.D. Mich. 2018)..................................................................6

Plaintiffs Allstate Insurance Company and its affiliates (collectively, "Allstate") hereby submit the within reply brief in support of their motion to compel the production of documents and interrogatory responses and for costs and sanctions against defendants Lint Chiropractic PC ("Lint"), MI Medical Management, LLC ("MI Medical"), Supplies Plus MI, LLC ("Supplies Plus"), Diagnostic Chiropractic MI, P.C. ("Diagnostic Chiropractic"), and Robert Super, D.C. ("Super") (collectively, the "defendants"). *See* ECF No. 57.

I. **CHANGING CLAIMS ABOUT THE EXISTENCE OF DOCUMENTS**

The defendants' opposition to Allstate's motion to compel (*ECF No. 61*) continues their practice of relying on vague and changing claims to avoid actually producing information and documents that are plainly relevant and discoverable. After Allstate's motion to compel explained that the defendants had failed to produce any documents in response to dozens of requests for production where the written responses indicated that responsive documents would be produced (*ECF No. 57, PageID 1253-1255*), the defendants now assert that they did not actually mean that any documents existed. *See* ECF No. 61, PageID 1839. These changed claims are simply not credible, are contradicted by other evidence, and appear at best to be intended to avoid production of materials that the defendants possess through agents and contractors. The defendants cannot simply avoid responding or producing materials because the same are in the possession of counsel, contractors, billers,

1

management companies, accountants, or other agents. *See* <u>Flagg v. City of Detroit</u>, 252 F.R.D. 346, 353 (E.D. Mich. 2008) ("A party responding to a Rule 34 production cannot furnish only that information within his immediate knowledge and possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control"), quoting <u>Gray v. Faulkner</u>, 148 F.R.D. 220, 223 (N.D. Ind. 1992).

As one example, Corey Borawski, D.C., who was a chiropractor employed by Lint and Diagnostic Chiropractic, testified in this matter that he previously testified between 50 and 100 times about services billed by those defendants. *See* Exhibit A, p. 51. The defendants have not produced a single transcript of testimony of Borawski (or any of their billers or treating providers). It appears that they are creating a distinction about possession of these documents because they are held by attorneys who litigated the claims on their behalf, but that does not place such documents outside the scope of their responsibility to marshal and produce.

The defendants' claim that not one communication exists related to the preparation of bills by the defendant is also particularly hard to believe since the defendants admit to utilizing email addresses of [lintbilling@gmail.com](mailto:lintbilling@gmail.com) and [billingscans@mimedicalmanagement.com](mailto:billingscans@mimedicalmanagement.com). *See* ECF No. 61-8, PageID 2146-2147. And, in fact, Borawski testified that he communicated via email to the [lintbilling@gmail.com](mailto:lintbilling@gmail.com) address to send records that were used to create billing. *See*

2

Exhibit A, pp. 64-65.  These are clearly communications about the preparation of bills that the defendants implausibly now claim do not exist.

## II.     DOCUMENTS NOT PRODUCED

Even if the defendants' changing claims about what they possess are true, there remain numerous documents that the defendants' supplemental discovery responses admit exist but still have not been produced.  Those documents include records relevant to central issues in this case, such as patient files for Allstate insureds, patient notes and summaries, documents related to the lease or purchase of Nervomatrix machines and other equipment used by the defendants, and communications and documents related to orders or referrals for services from the defendants.  *See, e.g.,* ECF No. 61-1, Responses No. 9, 10; ECF No. 61-2, Responses No. 9, 10, 27, 31, 49.

With respect to patient files, the defendants blame their failure to produce a single document in part on fact that they "do not keep their patient files organized by insurer," making the "identification and compilation of the relevant patient files . . . extremely labor intensive."  *See* ECF No. 61, PageID 1841.  However, Allstate provided the defendants a list of all patients at issue for each defendant, identified by patient name, as part of its initial disclosures served on or about July 3, 2024.  The suggestion that the defendants have been delayed in producing patient files because they could not identify what patients are at issue does not withstand scrutiny.

3

The defendants also try to excuse their discovery failures by claiming they are only small businesses without significant resources. *See* ECF No. 61, PageID 1850 – 1851. Yet at the same time, the defendants concede they have billed Allstate alone more than $5 million dollars (*id. at PageID 1848)*, and they have identified dozens of other payors they also have billed for their services. *See, e.g.,* ECF No. 61-6, PageID 2100; ECF No. 61-7, PageID 2119 – 2120; ECF No. 61-8, PageID 2142. Clearly, these are not businesses that lack substantial assets. The only reason for the defendants' failure to produce documents they admit exist and should be produced is that they remain unwilling to do so.

### III. ALLSTATE IS ENTITLED TO INFORMATION AND DOCUMENTS RESPONSIVE TO ALL "DISPUTED REQESTS"

The defendants' opposition brief identifies several categories of so-called "disputed requests" with respect to which the defendants argue they should not be required to provide substantive responses at all. *See* ECF No. 61, PageID 1842. All such requests are relevant and proportional and the defendants must be required to respond substantively to each for the reasons discussed below and in Allstate's initial brief in support of this motion.

The first category of "disputed requests" are interrogatories asking the defendants to identify all payments they received from Allstate directly and from law firms for services provided to Allstate insureds. Id. The defendants' only argument for why they should not be required to provide this information is because

4

they believe Allstate already possesses information about what it paid to the defendants. Id. Unless the defendants are conceding that they will not contest whatever amounts Allstate alleges it paid to the defendants (which Allstate certainly does not understand the defendants to be conceding), Allstate is entitled to discover what the defendants believe those amounts are. Moreover, Allstate's requests expressly encompass payments the defendants received from law firms who, for example, settled claims by patients and paid a portion of the settlement to medical providers such as the defendants. Allstate has no way to know what was paid to the defendants in these instances, yet that information is clearly relevant to demonstrating what compensation the defendants actually accepted for their purported services.

The defendants also insist that documents related to their sale of accounts receivable to funding companies is not relevant, but the caselaw they cite pertains not to relevance but to what weight such evidence should be given. *See* ECF No. 61, PageID 1843-1844. As Allstate has previously discussed, and as the cases cited in Allstate's initial brief explain, whether the defendants' treatment and billing decisions were influenced by factors other than medical necessity is directly relevant to Allstate's claims in this case.

Also unavailing are the defendants' arguments that defendant Super's financial and tax records are not relevant or discoverable. *See* ECF No. 61, PageID

5

1846. Super is named individually as a defendant and the defendants admit that Super owns, operates, manages, and/or controls the other defendants. *See* ECF No. 61-6, PageID 2094; ECF No. 61-7, PageID 61-7, PageID 2115; ECF No. 61-8, PageID 2137; ECF No. 61-9, PageID 2159. Super also ordered, performed, or is identified as the provider in much of the billing at issue in this case, meaning he played a central role in all aspects of the scheme at the heart of Allstate's case. Allstate is certainly entitled to obtain financial information that would reflect factors other than medical judgment that may have influenced Super in implementing the scheme described in Allstate's Complaint.

The defendants also attempt to argue that the burden imposed by Allstate's discovery is unduly burdensome and disproportional to the needs of the case, despite the fact that they simultaneously concede they have billed Allstate more than $5 million for the very services at issue in this case. *See* ECF No. 61, PageID 1848. These arguments were directly addressed by Allstate in its initial brief and, as it explained then, "[i]f an objection is interposed based on an alleged undue burden, the objecting party must make a specific showing, usually . . . by affidavit, of why the demand is unreasonably burdensome." State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc., 2019 U.S. Dist. LEXIS 110767, *40 (E.D. Mich. July 2, 2019), quoting State Farm Mut. Auto. Ins. Co. v. Elite Health Ctr., 364 F. Supp. 3d 758, 766 (E.D. Mich. 2018). The defendants did not make such a showing in their

6

responses to Allstate's discovery requests and have not done so as part of their opposition to Allstate's motion to compel. Accordingly, they cannot demonstrate that complying with Allstate's requests will result in an unreasonable burden.

### IV.     <u>CONCLUSION</u>

The defendants' responses to Allstate's discovery requests remain incomplete and they continue to fail to produce documents and information that must be produced. For the reasons stated herein and in Allstate's original brief in support of this motion, Allstate respectfully requests that this Court enter an order compelling each of the defendants to (1) respond fully and completely to the Rule 33 interrogatories served by Allstate, without objection; and (2) respond fully and completely to the Rule 34 requests for production of documents served by Allstate, without objection, and produce all documents responsive thereto. Allstate also asks the Court to award Allstate its expenses, including attorney's fees, in bringing the within motion to compel pursuant to Fed. R. Civ. P 37(a)(5)(A).

                                            Respectfully submitted,

                                            KTM

                                            */s/ Andrew H. DeNinno*

                                            _____
                                            Andrew H. DeNinno (P87678)
                                            adeninno@ktmpc.com
                                            38777 Six Mile Road, Suite 314
                                            Livonia, MI 48152
                                            (734) 521-9000

Dated: October 28, 2024                *Attorneys for Allstate*

## CERTIFICATE OF SERVICE

I, Andrew H. DeNinno, counsel for the plaintiffs, hereby certify that on October 28, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

KTM

*/s/ Andrew H. DeNinno*

_____
Andrew H. DeNinno (P87678)
adeninno@ktmpc.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214