# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
 2
     ALLSTATE INSURANCE COMPANY;
 3   ALLSTATE FIRE AND CASUALTY
     INSURANCE COMPANY; and ALLSTATE
 4   PROPERTY AND CASUALTY INSURANCE
     COMPANY,
 5
            Plaintiffs,
 6
        -vs-                           C.A. No. 23-cv-10904-SKD-DRG
 7
     LINT CHIROPRACTIC PC; MI MEDICAL
 8   MANAGEMENT, LLC; DURAMED MI, LLC;
     SUPPLIES PLUS MI, LLC; DIAGNOSTIC
 9   CHIROPRACTIC MI, P.C.; EXCEL MEDICAL
     GROUP, PLC; AS MEDICAL GROUP, PLC; and
10   ROBERT SUPER, D.C.,

11          Defendants.
     _____/
12

13

14

15
                         DEPOSITION OF
16
                      CORY T. BORAWSKI, D.C.
17

18   Taken by the Plaintiffs, on the 7th day of October, 2024, at

19   38777 Six Mile Road, Suite 314, Livonia, Michigan, at 2:00

20   p.m.

21

22

23

24

25
```

```
 1         was always in the back in the treatment room.
 2         They'd sign in.  They'd be like, "Cory, you've got a
 3         patient."  Then I'd go grab them.  I don't know.
 4  BY MR. DENINNO:
 5  Q      You mentioned before we started that you had done a
 6         bunch of depositions for -- well, you said you had
 7         done a bunch of depositions via Zoom.  About how
 8         many?
 9  A      Oh, boy.  A rough estimate, more than 50, probably
10         less than a hundred.
11  Q      Have you ever seen any transcripts of your
12         testimony?
13  A      No.
14  Q      Have you ever -- was all of those previous
15         depositions pertaining to your treatment at Lint?
16  A      All of them.  Every single one.  It was either for
17         Diagnostic, what we talked about earlier for the
18         range of motion, or for Lint for the NervoMatrix, or
19         for the DME.  It was one of the three.
20  Q      How many employees did Lint Chiropractic have while
21         you were working there?
22                 MR. FINK:  Objection.  Foundation.
23                 THE DEPONENT:  Oh, I have no idea.  I could
24         tell you at least -- it fluctuated on the treatment
25         side.  I worked with a lot of people from the --
```

| | | |
|---|---|---|
| 1 | A | I still had access to it.  They knew all the e-mails |
| 2 | | and passwords because they were their account.  So |
| 3 | | someone else could have used it.  But I was the one |
| 4 | | that would primarily use it.  Once I left, I never |
| 5 | | actually used it again.  I never sent an e-mail from |
| 6 | | it or logged on.  So someone could have used it. |
| 7 | Q | What kind of -- who did you correspond with using |
| 8 | | that e-mail address? |
| 9 | A | Really just Candice.  Or Rob if I had a question and |
| 10 | | he wasn't getting back to me or something not super |
| 11 | | important I'd shoot him an e-mail.  Really just |
| 12 | | Candice. |
| 13 | Q | What would you and Candice correspond about? |
| 14 | A | Well, I didn't know this was a thing.  What Candice |
| 15 | | told me was, like -- like, there's Gmails you can |
| 16 | | pay extra and they can, like, encrypt it for, like, |
| 17 | | healthcare stuff so you can, like, send -- if I |
| 18 | | needed to say something about a patient or |
| 19 | | something. |
| 20 | | So when we would use these -- remember, I |
| 21 | | told you the -- theirs didn't connect to the |
| 22 | | internet.  So we'd get all this stuff on a flash |
| 23 | | drive.  So at the end of the day, we'd take all the |
| 24 | | reports on the flash drive and then we would e-mail |
| 25 | | them to Candice. |

| | | |
|---|---|---|
| 1 | | So, actually, I guess a couple of people |
| 2 | | used that e-mail.  Because the tech would use that |
| 3 | | e-mail to send the reports to Candice. |
| 4 | Q | Other than the lintchirodoc@gmail.com, are you aware |
| 5 | | of any other Gmail addresses that were used by Lint |
| 6 | | Chiropractic? |
| 7 | A | Candice's was lintbilling@gmail.  That's all -- |
| 8 | | that's the only two that I ever knew of and |
| 9 | | communicated with. |
| 10 | Q | What type of communications would you have with Mr. |
| 11 | | Geller by e-mail? |
| 12 | | MR. FINK:  Objection.  He's counsel to the |
| 13 | | company -- |
| 14 | | MR. DENINNO:  Oh, I'm sorry. |
| 15 | | MR. FINK:  -- and attorney-client |
| 16 | | privilege. |
| 17 | | MR. DENINNO:  Okay.  I withdraw that |
| 18 | | question. |
| 19 | | MR. FINK:  So don't -- |
| 20 | | THE DEPONENT:  Oh. |
| 21 | | MR. FINK:  He's no longer employed.  But, |
| 22 | | yeah, don't -- |
| 23 | | THE DEPONENT:  Oh, okay. |
| 24 | | MR. DENINNO:  I withdraw the question.  I |
| 25 | | knew that.  But I did see him on the -- I'm sorry. |

CERTIFICATE OF NOTARY PUBLIC

STATE OF MICHIGAN   )
                    )  SS
COUNTY OF WAYNE     )

      I, Catherine M. Collier (CSR-1491), a Notary Public within and for the above county and state, do hereby certify that the foregoing deposition of CORY T. BORAWSKI, D.C. was taken before me on Monday, October 7, 2024, at 38777 Six Mile Road, Suite 314, Livonia, Michigan; that I recorded stenographically the foregoing deposition as was given by the above-named witness; that the stenographic notes were transcribed by me; and that said transcript here now appearing is true and correct.

      I do further certify that I am not a relative or employee of or an attorney for any party or financially interested in the action.

*Catherine M. Collier*

Catherine M. Collier, CSR-1491
Illinois License No. 084.004768
Notary Public, Wayne County, Michigan
My commission expires: October 29, 2029

Dated: October 14, 2024