UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE CO. et al.,

      Plaintiffs,

v.

LINT CHIROPRACTIC PC et al.,

      Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

**ORDER (1) GRANTING IN PART AND DENYING IN PART ALLSTATE'S MOTION TO COMPEL PRODUCTION BY LINT DEFENDANTS; (2) GRANTING IN PART AND DENYING IN PART ALLSTATE'S MOTION TO COMPEL PRODUCTION BY AS MEDICAL; (3) DENYING LINT DEFENDANTS' MOTION TO QUASH; (4) GRANTING ALLSTATE'S MOTION FOR LEAVE TO AMEND COMPLAINT; AND (5) SCHEDULING STATUS CONFERENCE**

I.

In this RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. *See Allstate Ins. Co. v. Lint Chiropractic PC*, No. 2:23-CV-10904, 2024 WL 2787789, at *1 (E.D. Mich. May 30, 2024). After motions to dismiss were resolved, *see* ECF No. 46, discovery began in July 2024, *see* ECF No. 51. Now before this Court are three discovery motions, as well as

Allstate's motion for leave to amend its complaint. *See* ECF Nos. 57; 59; 65; 66. A motion hearing for all four motions was held on November 14, 2024. *See* ECF Nos. 60; 69.

II.

First, Allstate seeks to compel Lint Chiropractic PC, MI Medical Management, LLC, Supplies Plus MI, LLC; Diagnostic Chiropractor MI, P.C.; and Robert Super, D.C. (collectively "the Lint Defendants") to produce documents and responses to Allstate's July 2024 requests for production and interrogatories. ECF No. 57. Allstate also seeks costs and sanctions against the Lint Defendants. *Id.*

Upon consideration of the briefing and oral argument, and for all the reasons stated on the record by this Court, which are hereby incorporated by reference, Allstate's Motion to Compel Production by the Lint Defendants, ECF No. 57, is **GRANTED IN PART.** Given the broad nature of Allstate's claims and the amount at stake in this litigation, this Court finds that the information Allstate seeks is relevant and proportional. Accordingly, the Lint Defendants are **DIRECTED** to **PRODUCE, on or before December 13, 2024**, documents and information responsive to Allstate's July 2024 requests,[1] including documents and information

---

[1] For a detailed list of all documents the Lint Defendants are directed to produce to Allstate, refer to Allstate's first requests for production of documents to the Lint Defendants. *See* ECF Nos. 57-2; 57-3; 57-4; 57-5; 57-6.

responsive to Allstate's requests for patient treatment information,[2] information regarding the preparation of the bills the Lint Defendants submitted to Allstate,[3] information about payments Lint Defendants received from Allstate, information about the Lint Defendants' agents and other entities and people with evidence and knowledge, and communications—including text and email messages—by and between the Lint Defendants regarding billing, treatment referrals, and the funding of accounts receivable.

If the Lint Defendants are unable to produce documents and information responsive to Allstate's July 2024 requests, the Lint Defendants must explain with particularity (1) why they are unable to produce such information and/or documentation; and (2) what steps they took in attempting to locate such information and/or documentation. Similarly, for any request for which the Lint Defendants do not have *any* materials within their possession, custody, or control, they must affirmatively state as much. Allstate's Motion to Compel Production by the Lint Defendants, ECF No. 57, is **DENIED IN PART** to the extent it seeks costs and sanctions against the Lint Defendants.

---

[2] Although the Parties reported at the November 14, 2024 motion hearing that 34 of the 39 of the patient files had been produced, the Lint Defendants are directed to either produce the remaining five patient files or respond in detail why they are unable to produce them.

[3] The Lint Defendants are not required to produce documents that are already in the possession of Allstate.

Second, Allstate seeks to compel AS Medical to produce documents and interrogatories responsive to Allstate's July 2024 requests. ECF No. 59. Allstate also seeks costs and sanctions against AS Medical. *Id.* Upon consideration of the briefing and oral argument, and for all the reasons stated on the record by this Court, which are hereby incorporated by reference, Allstate's Motion to Compel Production by AS Medical, ECF No. 59, is **GRANTED IN PART.** Given the broad nature of Allstate's claims and the amount at stake in this litigation, this Court finds that the information Allstate seeks is relevant and proportional. Accordingly, AS Medical is **DIRECTED** to **PRODUCE, on or before December 13, 2024,** documents and information responsive to Allstate's July 2024 requests,[4] including documents and information responsive to Allstate's requests for patient treatment information,[5] billing information, AS Medical's tax records, email and text communications related to the treatment or billing preparation of an Allstate insured, and email and text communications with billing companies used by AS Medical.

If AS Medical is unable to produce documents and information responsive to Allstate's July 2024 requests, AS Medical must explain with particularity (1) why it

---

[4] For a detailed list of all documents AS Medical is directed to produce to Allstate, refer to Allstate's first requests for production of documents to AS Medical. *See* ECF No. 59-2.

[5] Although the Parties reported at the November 14, 2024 motion hearing that AS Medical produced patient files a few days earlier, it was not yet clear how complete the patient files were.

was unable to produce such information and/or documentation; and (2) what steps it took in attempting to locate such information and/or documentation. Similarly, for any request for which AS Medical does not have *any* materials within its possession, custody, or control, it must affirmatively state as much.  Allstate's Motion to Compel Production by AS Medical, ECF No. 59, is **DENIED IN PART** to the extent it seeks costs and sanctions against AS Medical.

Third, the Lint Defendants seek to quash a subpoena that Allstate served on nonparties Bocci Tax & Accounting Inc. and TBA Tax Services, Inc., which seek financial documents related to Lint Defendants generated between January 1, 2020 and present. ECF No. 66; *see also* ECF No. 66-1 at PageID.2410–11, 2417–18. Upon consideration of the briefing and oral argument, and for all the reasons stated on the record by this Court, which are hereby incorporated by reference, this Court determines that the Lint Defendants do not have standing to move to quash the nonparty subpoena at issue here, as the Sixth Circuit has consistently held that "there is no privacy interest in the financial affairs of an individual." *State Farm Mut. Ins. Co. v. Policherla*, No. 08–13939, 2009 WL 2170183, *3 (E.D. Mich. July 20, 2009) (first citing *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 591 (6th Cir.2008); and then citing *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 575 (6th Cir. 2002)). Moreover, the Lint Defendants are not entitled to a protective

order as the financial information sought by Allstate is relevant to its claims. Accordingly, the Lint Defendants' Motion to Quash, ECF No. 66, is **DENIED**.

Fourth, Allstate filed a motion seeking leave to amend its complaint to add three new parties, all of which are related to parties named in the original complaint: (1) Lint Chiropractic II; (2) Comprehensive Pain Management of Michigan, LLC; and (3) Ali Shukr, MD. ECF No. 65 at PageID.2233. A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2).[6] Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)).

Upon consideration of the briefing and oral argument, and for all the reasons stated on the record by this Court, which are hereby incorporated by reference, this

---

[6] Similarly, Civil Rule 21 authorizes courts to "at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "Regardless of whether a motion is construed to amend a complaint under Rule 15 or to add a party under Rule 21, the same standard applies." *Shupe v. Rocket Companies, Inc.*, No. 1:21-CV-11528, 2024 WL 416377 (E.D. Mich. Feb. 5, 2024) (citing *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013); *Abington Emerson Cap., LLC v. Adkins*, No. 2:17-CV-143, 2019 WL 13161926, at *1 (S.D. Ohio May 3, 2019)).

- 7 -

Court finds that Allstate's complaint is not futile, nor does it appear that Allstate acted in bad faith or unduly delayed filing its motion to amend the complaint. Indeed, this case is only a few months into the discovery, so there is no prejudice to Defendants, and Allstate provided notice to all parties. Accordingly, Allstate's Motion for Leave to Amend Complaint, ECF No. 65, is **GRANTED**, and Allstate is **DIRECTED** to file its Amended Complaint **on or before November 22, 2024**.

Finally, it is **ORDERED** that the Parties are **DIRECTED** to attend an in-person status conference on **Wednesday, December 18, 2024 at 2:00 PM EST.**

**This is not a final order and does not close the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated:  11/15/2024