UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE CO. et al.,

    Plaintiffs,

v.

LINT CHIROPRACTIC PC et al.,

    Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

**ORDER (1) GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW; (2) STAYING DISCOVERY DEADLINE AS TO LINT DEFENDANTS ONLY; (3) ADJOURNING STATUS CONFERECE; (4) SCHEDULING STATUS CONFERENCE; AND (5) DIRECTING COUNSEL FOR LINT DEFENDANTS TO FILE PROOF OF SERVICE**

In this RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. *See Allstate Ins. Co. v. Lint Chiropractic PC*, No. 2:23-CV-10904, 2024 WL 2787789, at *1 (E.D. Mich. May 30, 2024). Six of the nine remaining defendants—Lint Chiropractic PC; MI Medical Management, LLC; Supplies Plus MI, LLC; Diagnostic Chiropractor MI, P.C.; Robert Super, D.C.; and Lint Chiropractic II PC (collectively "the Lint Defendants")—are represented by Attorneys David H. Fink and Nathan J. Fink. *See* ECF No. 83 at PageID.3032.

On November 15, 2024, this Court directed the Lint Defendants and Defendant AS Medical to produce certain supplemental discovery to Allstate on or before December 13, 2024, and scheduled a discovery status conference for December 18, 2024. ECF No. 74.

But on December 11, 2024, counsel for the Lint Defendants filed a motion to withdraw representation and requested a 45-day stay of the impending discovery deadline so the Lint Defendants could retain new counsel. ECF No. 83. Counsel for the Lint Defendants report that the attorney-client relationship has deteriorated because of "communication problems" and outstanding legal bills. *Id.* at PageID.3032–33. The Court held a virtual status conference later that afternoon with counsel for the Lint Defendants, counsel for AS Medical, and counsel for Allstate. Counsel for Allstate and AS Medical did not oppose the motion to withdraw, and Attorney Nathan Fink stated that the motion to withdraw had been served on the Lint Defendants. Satisfied that there is a material breakdown in the attorney-client relationship between the Lint Defendants and their counsel, *see* E.D. Mich. LR 83.25(b)(2), Lint Defendants' Counsel's motion to withdraw will be granted, and all discovery deadlines for the Lint Defendants will be stayed until January 16, 2025 to provide the Lint Defendants an opportunity to retain new counsel, as corporate entities may not proceed without representation in federal court. *See Harris v. Akron*

*Dep't of Pub. Health*, 10 Fed. App'x 316, 319 (6th Cir. 2001) ("a corporation must be represented in court by an attorney and may not be represented by an officer").

Accordingly, it is **ORDERED** that:

1. The Lint Defendants' Counsel's Motion to Withdraw, ECF No. 83, is **GRANTED**;

2. All discovery deadlines for the Lint Defendants, including the December 13, 2024 deadline, *see* ECF No. 74, are **STAYED** until **January 16, 2024**[1];

3. The status conference scheduled for December 18, 2024, *see* ECF No. 74, is **ADJOURNED**;

4. A status conference via Zoom is **SCHEDULED** for January 16, 2025 at 9:00 AM; and

5. Counsel for the Lint Defendants are **DIRECTED** to provide a copy of this Order to all Lint Defendants and file a corresponding proof of service on the docket **on or before December 19, 2024**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/12/2025

---

[1] Discovery deadlines for all other Defendants will remain in effect.