UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY et al.,

       Plaintiffs,

v.

LINT CHIROPRACTIC PC et al.,

       Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

## ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER REQUIRING SUBPOENAED THIRD PARTIES TO SHOW CAUSE (ECF No. 77) AND SETTING SHOW-CAUSE HEARING

In this civil RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. *See Allstate Ins. Co. v. Lint Chiropractic PC*, No. 2:23-CV-10904, 2024 WL 2787789, at *1 (E.D. Mich. May 30, 2024).

From July 2024 through October 2024, Plaintiffs "served subpoenas seeking the production of documents" on six nonparty entities. ECF No. 77 at PageID.2837. At first, none of the nonparty entities responded to the subpoenas, so Plaintiffs

moved for an order requiring the nonparties "to appear and show cause why they should not be held in contempt for failing to respond to [Plaintiffs'] duly-served subpoenas" and directing them to serve all documents responsive to Plaintiffs' subpoenas. *Id.* at PageID.2845–46. In early December 2024, Plaintiffs notified this Court that one of the nonparties—Tebra Technologies, Inc.—had responded to the relevant subpoena. ECF No. 82 at PageID.3015–16. But during a February 19, 2025 status conference, Plaintiffs informed this Court that none of the remaining five nonparties had responded to its subpoenas.

Under Civil Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Though the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (*quoting Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). This Court agrees that the records Plaintiffs seek from the five identified third parties are relevant, but before holding all five entities in contempt of court, this Court will issue a show-cause order

directing a representative for each of the five nonparties to appear and explain their respective failures to comply with Plaintiffs' subpoenas.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Order Requiring Subpoenaed Third Parties to Show Cause, ECF No. 77, is **GRANTED** as follows:

1. At least one representative for each of the five subpoenaed nonparties—(1) Claims Reimbursement Specialists, LLC; (2) Strive Professional Billing, LLC; (3) Professional Billing and Collections Inc.; (4) Tech Biz Solutions MI Inc; and (5) Horizon Capital Partners, LLC—is **ORDERED** to appear at a show-cause hearing before United States District Court Judge Susan K. DeClercq, Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Courtroom 219, Detroit, Michigan 48226 on **March 13, 2025 at 2:00 P.M.** to show cause why each subpoenaed nonparty entity should not be held in civil contempt for failing to comply with Plaintiffs' subpoenas;

2. Subpoenaed Nonparties (1) Claims Reimbursement Specialists, LLC; (2) Strive Professional Billing, LLC; (3) Professional Billing and Collections Inc.; (4) Tech Biz Solutions MI Inc; and (5) Horizon Capital Partners, LLC, are **NOTICED** that failure to appear and show cause as directed by this Order may result in a finding of civil contempt;

3. Plaintiffs, as the moving party, are **ORDERED** to serve (1) Claims Reimbursement Specialists, LLC; (2) Strive Professional Billing, LLC; (3) Professional Billing and Collections Inc.; (4) Tech Biz Solutions MI Inc; and (5) Horizon Capital Partners, LLC, with a copy of this Order by first class mail, first class mail return receipt requested, overnight delivery, and any known email addresses. Plaintiff must file a proof of such service with this Court **on or before February 25, 2025**.

**This is not a final order and does not close the above-captioned case.**

                                              */s/Susan K. DeClercq*
                                              SUSAN K. DeCLERCQ
                                              United States District Judge

Dated: February 20, 2025