UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY et al.,

       Plaintiffs,

v.

LINT CHIROPRACTIC PC et al.,

       Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

**ORDER DIRECTING PARTIES TO FILE CLOSING DOCUMENTS, DENYING AS MOOT PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE (ECF No. 93), AND AMENDING SCHEDULING ORDER (ECF No. 51)**

In this civil RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. ECF No. 1. Six of the nine defendants—Lint Chiropractic PC; MI Medical Management, LLC; Supplies Plus MI, LLC; Diagnostic Chiropractor MI, P.C.; Robert Super, D.C.; and Lint Chiropractic II PC (collectively "the Lint Defendants")—are now represented by Attorney Gregory J. Rohl. ECF Nos. 100; 101; 102; 103; 104. The remaining three defendants—AS Medical Group, PLC; Ali Shukr; and Comprehensive Pain

Management of Michigan, LLC (collectively "the remaining Defendants") are represented by Attorney Tarik Turfe. *See* ECF Nos. 23; 86.

During a February 19, 2025, virtual status conference, Counsel for Plaintiffs informed the Court that it had reached a settlement with the Lint Defendants and that the Parties were working to prepare closing documents related to those Defendants. Counsel for Plaintiffs also confirmed that Plaintiffs' Motion for Order Requiring the Lint Defendants to Show Cause, ECF No. 93, is now moot.

In light of Plaintiffs' settlement with the Lint Defendants, Counsel for Plaintiffs and the remaining Defendants agreed to a short adjournment of the scheduling order, ECF No. 51, to complete discovery after delays in discovery caused by the Lint Defendants retaining new counsel. *See generally* ECF Nos. 84; 96.

Accordingly, it is **ORDERED** that the Parties are **DIRECTED** to submit closing documents related to the Lint Defendants via the Utilities, Proposed Order function of CM/ECF on or before **March 14, 2025**.

Further, it is **ORDERED** that Plaintiffs' Motion for Order Requiring the Lint Defendants to Show Cause, ECF No. 93, is **DENIED AS MOOT**.

Further, it is **ORDERED** that the Phase I Scheduling Order, ECF No. 51, is **AMENDED** as follows:

- 3 -

| | |
|---|---|
| Parties to Notify Court of Mediator Selection | March 5, 2025 |
| Fact Discovery Ends | May 9, 2025 |
| Plaintiff Rule 26(a)(2) Expert Disclosures | May 9, 2025 |
| Defendant Rule 26(a)(2) Expert Disclosures | May 9, 2025 |
| Depositions of Expert Witnesses | May 9, 2025 |
| Expert Discovery Ends | June 6, 2025 |
| Settlement Conference **to be Completed** | June 20, 2025 |
| Status Conference via Zoom | June 25, 2025, at 2:00 PM |

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 21, 2025