nmUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY et al.,

      Plaintiffs,

v.

AS MEDICAL GROUP PLC et al.,

      Defendants.

_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

**ORDER HOLDING CLAIMS REIMBURSEMENT SPECIALISTS LLC AND TECH BIZ SOLUTIONS MI INC. IN CONTEMPT OF COURT AND DIRECTING THEM TO APPEAR TO SHOW CAUSE FOR WHY THEY SHOULD NOT BE ORDERED TO PAY FINES TO PLAINTIFFS**

From July 2024 through October 2024, Plaintiffs Allstate Insurance and its affiliates "served subpoenas seeking the production of documents" on six nonparty entities. ECF No. 77 at PageID.2837. At first, none of the nonparty entities responded to the subpoenas, so Plaintiffs moved for an order requiring the nonparties "to appear and show cause why they should not be held in contempt for failing to respond to [Plaintiffs'] duly-served subpoenas" and directing them to serve all documents responsive to Plaintiffs' subpoenas. *Id.* at PageID.2845–46. In early December 2024, Plaintiffs notified this Court that one of the nonparties—Tebra Technologies, Inc.—had responded to the relevant subpoena. ECF No. 82 at

PageID.3015–16. But during a February 19, 2025, status conference, Plaintiffs informed this Court that none of the remaining five nonparties had responded to its subpoenas.

So, this Court granted Plaintiffs' motion and directed all five nonresponsive subpoenaed third parties to appear at a March 13, 2025, hearing to show cause why each party should not be held in civil contempt for failing to comply with Plaintiffs' subpoenas. *See* ECF No. 108. All five nonparties were served with a notice of the hearing. *See* ECF No. 110.

Representatives for two of the subpoenaed nonparties—Horizon Capital Partners LLC ("Horizon") and Professional Billing and Collections, Inc. (PBC)—appeared at the March 13, 2025, show-cause hearing.

Horizon will not be held in contempt of court. Horizon's representative, Tarik Turfe,[1] explained that it had not answered Plaintiffs' subpoena because Horizon had been succeeded by a different corporate entity to which Plaintiffs had also sent a subpoena, and that other entity had responded to the subpoena. According to Horizon's records, Turfe said, Horizon did not have any agreements with any Defendants—only its corporate successor did. In light of this explanation, Horizon will not be held in contempt of court, but Horizon will be directed to provide

---

[1] Tarik Turfe also represents several named defendants in this case.

Plaintiffs with additional information about its relationship with its corporate successor in a timely manner if Plaintiffs request such information.

PBC will not be held in contempt of court, either. PBC's representative—its owner, Juan Pinellas—explained that PBC's only relationship with any Defendant was a landlord-tenant relationship with Defendant Robert Super, to whom PBC rented a space. Pinellas further stated that PBC never did any billing business with Defendant Super, so it had no billing records to provide to Plaintiffs. Accordingly, PBC will not be held in contempt of court, but PBC will be directed to provide an affidavit to Plaintiffs explaining (1) why PBC does not have any responsive documents and (2) the nature of any and all business dealings PBC had with any Defendants in this case.

Strive Professional Billing will not be held in contempt of court either, as Plaintiffs' Counsel requested withdrawal of the motion without prejudice as to Strive Professional Billing. Plaintiffs' Counsel reported that he had reached an agreement with Strive the day before the hearing that Strive would comply with the subpoena.

That leaves the two subpoenaed third parties that did not respond to Plaintiffs' subpoena and did not send a representative to appear at the March 13, 2025, show-cause hearing: Claims Reimbursement Specialists, LLC and Tech Biz Solutions MI Inc.

Under Civil Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Though the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

Because Claims Reimbursement Specialists and Tech Biz Solutions have not responded to the January 2025 subpoenas and did not appear at the March 2025 show-cause hearing—both of which were served upon both third parties—both entities will be held in civil contempt of court.

Accordingly, it is **ORDERED** that:

1. The show cause order, ECF No. 108, against (1) Strive Professional Billing; (2) Horizon Capital Partners LLC; and (3) Professional Billing and Collections, Inc. is **SATISFIED**.

2. Horizon Capital Partners LLC is **DIRECTED** to provide Plaintiffs with additional information about its relationship with its corporate successor in a timely manner if Plaintiffs request such information.

3. Professional Billing and Collections Inc. is **DIRECTED** to provide an affidavit to Plaintiffs explaining (1) why PBC does not have any responsive documents and (2) the nature of any and all business dealings PBC had with any Defendants in this case.

- 4 -

4.  Claims Reimbursement Specialists and Tech Biz Solutions are **FOUND** to be in **CIVIL CONTEMPT OF COURT**. To that end, it is **ORDERED** that:

   a.  Claims Reimbursement Specialists LLC and Tech Biz Solutions Inc. are **DIRECTED to APPEAR** before the Court on **May 20, 2025, at 2:00 PM EDT** to show cause why each entity should not be fined to pay Plaintiffs for damages suffered because of their contemptuous conduct.

   b.  Claims Reimbursement Specialists and Tech Biz Solutions may purge themselves of this finding of contempt by responding to Plaintiffs' subpoena and notifying this Court of their compliance.

   c.  Plaintiffs, as the moving party, are **DIRECTED** to serve (1) Claims Reimbursement Specialists, LLC; and (2) Tech Biz Solutions MI Inc. with a copy of this order by personal service on their respective registered agents. Plaintiffs must file a proof of such service with this Court **on or before May 6, 2025**.

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 22, 2025

- 5 -