UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY et al.,

       Plaintiffs,

v.

AS MEDICAL GROUP PLC et al.,

       Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

**ORDER FINDING NONPARTY CLAIMS REIMBURSEMENT SPECIALISTS LLC SATISFIED THIS COURT'S SHOW-CAUSE ORDER (ECF No. 123); PURGING CLAIMS REIMBURSEMENT SPECIALISTS OF CONTEMPT FINDING (ECF No. 123), AND DIRECTING COUNSEL FOR CLAIMS REIMBURSEMENT SPECIALISTS TO MEET AND CONFER WITH PLAINTIFFS' COUNSEL**

From July 2024 through October 2024, Plaintiffs Allstate Insurance and its affiliates "served subpoenas seeking the production of documents" on six nonparty entities. ECF No. 77 at PageID.2837. At first, none of the nonparty entities responded to the subpoenas, so Plaintiffs moved for an order requiring the nonparties "to appear and show cause why they should not be held in contempt for failing to respond to [Plaintiffs'] duly-served subpoenas" and directing them to serve all documents responsive to Plaintiffs' subpoenas. *Id.* at PageID.2845–46. Between

December 2024 and April 2025, four of the subpoenaed nonparty entities complied with Plaintiffs' subpoenas. *See* ECF No. 123.

But by late April 2025, nonparty Claims Reimbursement Specialists, LLC (CRS) still had not responded to Plaintiffs' subpoena. *See id.* at PageID.3804. So, on April 22, 2025, this Court found CRS to be in contempt of court. *Id.* at PageID.3805–06; *see also* FED. R. CIV. P. 45(g) (authorizing district courts to hold in contempt "a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). This Court's April 22, 2025, order stated that CRS was directed to appear for a hearing on May 20, 2025, "to show cause why [it] should not be fined to pay Plaintiffs for damages suffered because of their contemptuous conduct." *Id.* The order further instructed that CRS could purge itself of the finding of contempt by responding to Plaintiffs' subpoena. *Id.*

Two days before the show-cause hearing, CRS filed a notice that it had complied with Plaintiffs' subpoena by providing "all responsive documents" to Plaintiffs on May 5, 2025. ECF No. 131. Counsel for CRS, Peter Joelsen, appeared at the show-cause hearing and informed the Court that CRS had provided nearly 200 pages of documents to Plaintiffs, thus satisfying its obligation to respond to the subpoena. But counsel for Plaintiffs challenged that assertion, noting that recent discovery in this matter, which they had received from Defendant AS Medical Group PLC, suggests that CRS possesses more documents it has not yet provided. After

some discussion, it was agreed that Plaintiffs' counsel would meet and confer with CRS's counsel to discuss what other discovery Plaintiffs believe CRS possesses that might be subject to the underlying subpoena.

In sum, CRS's appearance at the May 20, 2025, show-cause hearing satisfied the April 22 show-cause order. *See* ECF No. 123. This Court is satisfied that CRS has responded to Plaintiffs' subpoena and will continue to communicate with Plaintiffs' counsel about further compliance with the subpoena. Thus, this Court will purge its finding of civil contempt against CRS and direct CRS's counsel to meet and confer with Plaintiffs' counsel about any outstanding compliance.

Accordingly, it is **ORDERED** that:

1. Claims Reimbursement Specialists, LLC, have **SATISFIED** the April 22, 2025, show-cause order by appearing at the May 20, 2025, show-cause hearing.

2. Claims Reimbursement Specialists, LLC, is **PURGED** of the Court's previous finding of civil contempt, ECF No. 123;

3. Counsel for Claims Reimbursement Specialists, LLC, is **DIRECTED** to meet and confer with Plaintiffs' counsel to discuss any alleged further compliance with Plaintiffs' subpoena **on or before June 17, 2025;**

**This is not a final order and does not close the above-captioned case.**

    */s/Susan K. DeClercq*
    SUSAN K. DeCLERCQ
    United States District Judge

Dated: May 21, 2025