UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE CO. et al.,

       Plaintiffs,	Case No. 2:23-cv-10904

v.	Honorable Susan K. DeClercq
       United States District Judge
AS MEDICAL GROUP, PLC et al.,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY
(ECF No. 135)**

In this RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. *See Allstate Ins. Co. v. Lint Chiropractic PC*, No. 2:23-CV-10904, 2024 WL 2787789, at *1 (E.D. Mich. May 30, 2024). As a result of motion practice and settlements, the only remaining Defendants in this case are AS Medical Group, PLC; Comprehensive Pain Management of Michigan, LLC; and Ali Shukr, M.D., (collectively Defendants) who are all being represented by the same attorney.

Now before this Court is Defendants' motion to compel discovery. *See* ECF No. 135. A case management conference was held on the motion on October 15, 2025. *See* ECF No. 147. For the reasons discussed with counsel for the Parties during that conference, which are incorporated here by reference, and as follows, Defendants' motion to compel discovery will be denied.

Defendants' motion was filed in June 2025. ECF No. 135. Defendants challenged Allstate's redactions of portions of individual claims files relating to the patients at issue in this case, which had been withheld as privileged work product or attorney-client communication. Defendants also argued that during the deposition of Allstate's corporate representative, Catia Monforton, she improperly "hid behind the attorney client privilege at several key junctures." ECF No. 135 at PageID.3933.

A hearing was held on this motion, as well as a discovery motion filed by Allstate which is the subject of a separate order, on July 22, 2025. *See* ECF No. 139. At that hearing, counsel for both Parties agreed to provide each other with "a spreadsheet identifying each document subject to the opponent's claims of privilege that it reasonable believes to be both (1) relevant to this action and (2) an improper designation of privilege." ECF No. 142 at PageID.5111–12. The parties were required to respond to the spreadsheet, and augment their "explanation for why privilege is applicable to each document." *Id*. at PageID.5112. A reply was allowed

but not required. *Id*. Following that, the parties were required to meet and confer to address any remaining disputed documents. *Id*.

Through this process, the parties were able to come to mutual agreement on a great number of documents that had previously been in dispute. Nevertheless, in September 2025, the parties submitted their spreadsheets, as well as unredacted copies of each document that was still in dispute, to the Court for *in camera* review. Following this Court's review of the documents, counsel for the parties appeared for a case management conference on October 15, 2025. During that conference, this Court was able to further hear about the bases for the Parties' disagreement, as well as confidentially question counsel for each party about particular documents and relevant information.[1]

Based upon this Court's thorough *in camera* review of the unredacted documents, the statements made by counsel at the October 15 conference, and a full explanation of Allstate's internal claims process, including the roles of key departments such as SIU and MCU, and information regarding the types of litigation involved in the patient claim files, this Court is satisfied that each of the portions of the documents claimed to be privileged by Allstate are properly designated as such. They are also redacted as narrowly as possible. Accordingly, Allstate will not be required to produce these documents to Defendants in an unredacted form.

---

[1] Counsel for both parties consented to this *ex parte* communication.

With respect to the deposition of Allstate representative Catia Monforton, this Court has not been provided with the transcript of the testimony, nor any specific information regarding what issues or documents she claimed privilege over. Given this Court's determination that the information withheld by Allstate from their document production was privileged, at this point, this Court will deny Defendants' motion without prejudice. Should Defendants still wish to challenge any particular portion of Monforton's testimony, they may refile their motion with more specific information and arguments.

Accordingly, Defendants' Motion to Compel Discovery, ECF No 135, is **DENIED**. It is **DENIED WITH PREJUDICE** to the extent it seeks to compel Allstate to produce unredacted versions of Allstate's individual claim files, and it is **DENIED WITHOUT PREJUDICE** to the extent it seeks to compel more particularized answers from Allstate's corporate representative.

**SO ORDERED.**

**This is not a final order and does not close the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 29, 2025