UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE CO. et al.,

    Plaintiffs,

v.

AS MEDICAL GROUP, PLC et al.,

    Defendants.
_____/

Case No. 2:23-cv-10904

Honorable Susan K. DeClercq
United States District Judge

### ORDER GRANTING IN PART AND DENYING IN PART ALLSTATE'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR COSTS AND SANCTIONS (ECF No. 136)

In this RICO case, Plaintiffs Allstate Insurance and its affiliates ("Allstate") accuse several medical and chiropractic clinics, their suppliers, and their managers of orchestrating a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting hundreds of fraudulent medical bills for reimbursement. *See Allstate Ins. Co. v. Lint Chiropractic PC*, No. 2:23-CV-10904, 2024 WL 2787789, at *1 (E.D. Mich. May 30, 2024). As a result of motion practice and settlements, the only defendants currently remaining in this case are AS Medical Group, PLC; Comprehensive Pain Management of Michigan, LLC; and Ali Shukr, M.D., (collectively Defendants) who are all being represented by the same attorney.

Now before this Court is Allstate's renewed motion to compel production of documents and for costs and sanctions against all remaining Defendants. *See* ECF No. 136. A case management conference was held on the motion on October 15, 2025. *See* ECF No. 147. During that conference, this Court was able to further hear about the bases for the Parties' disagreement, as well as confidentially question counsel for each party about particular documents and relevant information.[1]

Based upon this Court's thorough *in camera* review of the unredacted documents, the statements made by counsel at the October 15 conference, and for the reasons discussed with counsel for the Parties during that conference, which are incorporated here by reference, and as follows, Allstate's renewed motion will be granted in part and denied in part.

I.

Allstate seeks to compel Defendants to produce several categories of information. Each of them will be addressed separately.

A. Scheduling Documents

First, Allstate seeks to compel documents reflecting the dates and times of patient treatment at AS Medical ("Scheduling Documents"). ECF No. 136 at PageID.4071. AS Medical responded to Allstate's request by stating that it did not

---

[1] Counsel for both parties consented to this *ex parte* communication.

possess such documents. *Id*. However, Allstate contends that this is not true, based upon deposition testimony by Dr. Shukr and other witnesses. *Id*. at PageID.4072.

It was unclear from the briefing whether such Scheduling Documents were not produced by AS Medical because they did not exist at all, or because they simply were not retained by AS Medical. At the case management conference, counsel for AS Medical indicated that he was not entirely sure, but either way, he had asked his client if they possessed Scheduling Documents, and they unequivocally said that they did not have any. AS Medical's counsel also unequivocally stated that information about when a patient was seen and by whom was captured in the patient's electronic medical record (EMR). AS Medical's counsel represented that he could find out from his client if a report reflecting only scheduling information could be generated from the EMR.

Taking AS Medical's counsel at his word, as this Court has no reason not to, there do not appear to be any "Scheduling Documents" currently in Defendants' possession. Thus, there is nothing to compel AS Medical (or any other Defendant) to produce. However, AS Medical will be directed to take steps to ascertain whether such scheduling information can be pulled from the EMR system as a report, and if so, produce the report.

B. Text Messages

Second, Allstate seeks to compel the production of text messages related to relevant patient treatment. *Id*. at PageID.4073. According to Allstate, Dr. Shukr testified at his deposition that he would sometimes receive texts, yet no text messages have been produced. *Id*. at PageID.4074. Similar to above, counsel for AS Medical represented at the case management conference that his client undertook a search for any text messages related to patient treatment and currently does not possess any. AS Medical's counsel further explained that texting is not Dr. Shukr's preferred method of communication regarding patient care because it can result in delays in a way that telephone calls do not. So again, taking AS Medical's counsel at his word, there does not appear to be any texts currently in Defendants' possession. Thus, there is nothing to compel.

C. Vendor Communications

Third, Allstate seeks to compel the production of any agreements and communications between AS Medical and their vendors, including schedules and communication about repairs for the Nervomatrix machine, the device at the forefront of this lawsuit. AS Medical responds that it does not have any records from medical equipment vendors because AS Medical only issued durable medical equipment that it had in stock and wrote prescriptions for everything else. ECF No. 140 at PageID.5054–55. As for the Nervomatrix machine, counsel for AS Medical

represented at the case management conference that there were no documents relating to repair schedules or written communication regarding repairs. Although it is understandable that Allstate would be skeptical of such an answer because routine maintenance of medical equipment would presumably be standard, given AS Medical counsel's representation, it appears that no such records exist. Accordingly, there is nothing to compel.

### D. AS Medical's Bookkeeping Records

Fourth, Allstate seeks certain AS Medical bookkeeping records, such as financial projections, balance sheets, profit and loss statements, and tax returns. ECF No. 136 at PageID.4080. AS Medical responds that it has already produced all the financial records that have been requested and nothing in Dr. Shukr's deposition testimony contradicts this. ECF No. 140 at PageID.5055. Moreover, AS Medical specifically states that there are no written financial projections, which is reflected in Dr. Shukr's testimony that projections about "what we could possibly bring into the clinic [were] based on…our discussions with other people in clinics." *Id*. at PageID.5056. AS Medical's counsel also reiterated this during the case management conference.

Allstate further claims that although AS Medical has produced its federal tax returns, it has not produced its state tax returns, nor "any of the materials that were used to prepare the tax returns as requested." ECF No. 136 at PageID.4080. AS

Medical does not mention the state tax returns or underlying records in its response. *See* ECF No. 140. The state tax returns were also not addressed at the status conference with this Court, so it is assumed that any objection to the production of these documents is waived. Since these records were already found to be relevant and proportional, AS Medical will again be ordered to produce them.

Accordingly, since this Court will take AS Medical at its word, there are no bookkeeping documents to compel, with the exception of the state tax returns discussed above.

### E. Privileged Documents

Finally, Allstate challenges Defendants' withholding of several documents on the basis of attorney-client communication privilege. As described in more detail in the stipulated order relating to the Parties' motions to compel, ECF No. 142, the Parties undertook an extensive exercise to narrow their privilege disputes. As a result of this exercise, many previously withheld documents were produced by AS Medical. As for the rest, AS Medical has provided this Court a spreadsheet listing the documents still in dispute, along with an unredacted copy of each document for this Court's *in camera* review.

The vast majority of the challenged communications are emails among attorneys, Defendants, and third parties. For example, in the email message Bates-stamped ASMEDICALJUNE16SUPP000311, the message was sent by attorney

Howard Weingarden, to Michael Papio, a non-attorney employee of AS Medical, but it was also sent to Tom Preni of Soleve Distributing LLC and copied to Ori Kanner, the CEO of the company that manufactures Nervomatrix machines in Isreal, both third-parties.

There are also a great number of emails that do not involve an attorney at all, but rather are communications between non-attorney employees at AS Medical and non-attorney employees at a third-party company that provides billing services to AS Medical. *See, e.g.*, document Bates-stamped ASMEDICALJUN16SUPP000895. Sometimes these emails appear to relate to a lawsuit brought by either a patient or a provider, but sometimes not. And even when related to a lawsuit, the message often simply provides or requests billing information and documentation. There are also emails between employees of AS Medical, without any attorney listed as a sender or recipient.

Allstate has objected to Defendants' designation of all of these types of emails as privileged attorney-client communication.

The attorney-client privilege only protects communications made by the client, in confidence, where legal advice is being sought. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998); *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners*, L.P., 263 F.R.D. 478 (E.D. Mich. Oct. 28, 2009). And generally, any voluntary disclosure to a third-party waives the attorney-client communication

privilege. *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251 (6th Cir. 1996).

Therefore, emails that do not involve any attorney-client communication are not privileged. This means that emails about patient information exchanged among AS Medical employees without any attorney involvement nor any indication that the emails were prepared at the request of an attorney or in anticipation of litigation, are not privileged. And to the extent that Defendants claim such messages contain *confidential* information, that information is protected through the Stipulated Protective Order that has already been entered in this case. Thus, these emails must be produced.

As to the emails involving AS Medical's third-party billers, it is not yet clear whether those emails are privileged. AS Medical argues that because AS Medical authorized the biller to speak on its behalf to its attorneys, in relation to litigation in which AS Medical was a party, the attorney-client communication privilege was not waived, even though the biller is indisputably a third party. The authority AS Medical cites for this proposition, however, are cases where courts held that a client's communication with a third-party, *who was retained by the attorney*, was held privileged. See ECF No. 140 at PageID.5059.  Here, the third party is acting on behalf of *the client*, not the attorney. Thus, these cases are not persuasive. Indeed, it has long been held that "[c]ommunications made to an attorney in the course of his

professional employment by persons *other than the client* or his agent are not privileged." *U.S. v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964) (emphasis added).

However, to the extent that AS Medical is somehow contending that a third-party entity (and its employees), rather than its own employees, may act as AS Medical's agent for purposes of attorney-client communication, this issue has not been briefed at all. Accordingly, this Court will allow AS Medical to submit supplemental briefing on this issue, and will allow Allstate a chance to respond, before this portion of Allstate's motion is decided. As part of that supplemental briefing, AS Medical must also address whether its prior production of documents involving communication with its third-party billers has waived any claim of privilege for the remaining undisclosed documents. *See 360 Const. Co., Inc. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 352 (E.D. Mich. 2012) ("[O]nce a waiver is effectuated, all communications on the same subject matter are subject to disclosure and are not protected by the attorney-client privilege.")

As to the emails involving third parties other than AS Medical's billers, such as the Nervomatrix CEO, Defendants have not provided any basis for which they would be excepted from the long-established rule that the presence of a third party breaks the attorney-client privilege. Therefore, those emails are not privileged and must be produced.

II.

Accordingly, it is **ORDERED** that Allstate's renewed motion to compel and for sanctions, ECF No. 136, is **GRANTED IN PART** and **DENIED IN PART**.

It is **DENIED** as to the scheduling documents, the text messages, and the vendor communications since it appears there are no documents to compel. It is also **DENIED** as to the bookkeeping records generally, but is **GRANTED** as to Defendants' state tax returns and underlying documents.

It is **GRANTED** as to emails where a third-party other than AS Medical's biller is present. Accordingly, the following documents must be produced:

- ASMEDICALJUNE16SUPP00110
- ASMEDICALJUNE16SUPP00190
- ASMEDICALJUNE16SUPP00309
- ASMEDICALJUNE16SUPP00311-12

It is also **GRANTED** as to emails where there is no attorney present and the purported basis for withholding is confidentiality. Accordingly, the following documents must be produced (listed by Email Subject as no Bates-number present):

- ALICIA MCCAIN RECORDS – Copy.eml
- UNASSIGNED PROVIDER SUITS.eml
- FW_AS Medical Group completed the Aging report.eml
- FW_AS Medical Complete Aging Report.eml
- FW_Patients that need assignment.eml
- Fw Patients that need assignment.eml
- FW_A S Medical Group Denied claims.eml
- Fw_Denied claims.eml
- Additional Provider Suits – Copy.eml
- Additional Provider Suits.eml

- PART 3 STEVEN MONTGOMERY.eml
- PART 5.eml
- PART 1.eml
- PART 2.eml
- PART 4.eml
- PART 6.eml
- PART 7.eml
- patient attorney list.eml

It is also **DENIED** as to any sanctions against Defendants.

**FURTHER IT IS ORDERED** that Defendants will be allowed **14 days** from the date of this order to submit supplemental briefing on the issue of whether AS Medical's third-party billers may be considered its agent for purposes of the attorney-client communication privilege. The supplemental briefing must also address whether AS Medical's prior production of documents involving communication with its third-party billers has waived any claim of privilege for the remaining documents. Allstate will be allowed **14 days** from the date of filing to respond to any Defendants' supplemental briefing, and Defendants will be allowed **7 days** from the date of filing to reply. If Defendants choose not to submit supplemental briefing, this Court will issue an order on the papers as they stand.

**SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 29, 2025

- 11 -